STATE ex rel. OKLAHOMA BAR ASSOCIATION v. SHEARS
2022 OK 61
Case Number: SCBD-7267
Decided: 06/20/2022
Modified: 07/08/2022
As Corrected June 24, 2022; As Dismissed July 8, 2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 61, __ P.3d __

 
FOR PUBLICATION IN OBJ ONLY. NOT FOR OFFICIAL PUBLICATION.

 

DISMISSAL WITHOUT PREJUDICE

¶1 On June 20, 2022, this Court issued an Order of Immediate Interim Suspension. Respondent was directed to show cause why the interim suspension should be set aside by July 5, 2022. See Rule 7.3, RGDP. The interim order was corrected Nunc Pro Tunc on June 24, 2022.

¶2 On June 23, 2022, the Respondent issued a detailed response, setting forth why he felt the interim suspension should be set aside.

¶3 On June 30, 2022, the Complainant replied to the Respondent's filing and agreed with Respondent that a suspension of his license to practice law was not warranted under the facts presented by the Respondent, and Complainant requested dismissal of this case.

¶4 In light of the new information provided by Respondent's filing, in conjunction with the agreement of the General Counsel, the Respondent has established that he is entitled to relief.

¶5 Upon good cause shown, the Court sets aside its Order of Immediate Interim Suspension, it appearing to be in the interest of justice to do so, with due regard being had to maintaining the integrity of and confidence in the profession. See Rule 7.3, RGDP.

¶6 The Court hereby dismisses this Rule 7 proceeding without prejudice.

DONE BY ORDER OF THE SUPREME COURT ON THIS 8TH DAY OF JULY, 2022.

/S/ACTING CHIEF JUSTICE

CONCUR: Kane, V.C.J., Kauger, Winchester, Edmondson, Gurich, Rowe and Kuehn, JJ.

DISSENT: Darby, C.J. and Combs, J. (by separate writing).

 

 

COMBS, J., with whom DARBY, C.J., joins, dissenting:

¶1 I dissent from the order of dismissal. This Court issued an order of immediate interim suspension on June 20, 2022, in which I concurred and a nunc pro tunc order on June 24, 2022, to correct a scrivener's error. Now the Respondent and the Complainant, the Oklahoma Bar Association, move this court to dismiss the entire complaint.

¶2 Mr. Shears pled no contest in March of 2021 to Count 1: Aggravated DUI and Count 2: Transporting an Open Container of Alcoholic Beverage, both misdemeanors, and the trial court deferred sentencing for two years subject to his supervision by the District Attorney and his payment of fees and costs. See Deferment 1--2, State v. Shears, No. CM-2021-27 (Kay Cty. Dist. Ct. Apr. 28, 2021). Mr. Shears is also alleged to have violated the terms and conditions of his deferred sentence, see Appl. to Accelerate Deferred J. 1, State v. Shears, No. CM-2021-27 (Kay Cty. Dist. Ct. May 27, 2022), to which he now admits, see Resp't's Mot. to Set Aside Order of Immediate Interim Suspension ¶ 7, at 2--4. Mr. Shears failed to appear for drug testing on 8/11/2021; failed to appear for drug testing on 9/1/2021; tested positive for alcohol on 5/19/2022; and failed to appear for review on 5/27/2022. Appl. to Accelerate Deferred J., supra, at 1. On May 27, 2022, the District Attorney filed an Application to Accelerate Mr. Shears's deferred judgment. Id. That application is currently set for review on August 3, 2022.

¶3 I cannot concede that this Court can turn its collective head from the facts in the public record that this Respondent may well have his judgment accelerated and a sentence imposed that could conceivably include detention in the county jail. Perhaps in an effort to recognize that possibility, the majority "dismisses this Rule 7 proceeding without prejudice." Does that mean the majority wishes to have this Rule 7 proceeding reopened in the event Respondent is sentenced to jail? Does that not demonstrate why this interim suspension should remain in place, at the very least, until the Respondent's pending Application to Accelerate is resolved?

¶4 I am further perplexed by Complainant's willingness simply to dismiss the entire disciplinary action at this stage. See Complainant's Reply to Resp't's Statement in Resp. to Show Cause Order 5. Should we project to the public that we will authorize an attorney to continue their practice while incarcerated in the county jail? Should Mr. Shears's clients be forced to schedule a visitation at the county jail in order to have a consultation with their lawyer? I cannot concur in any action which takes such a cavalier attitude toward the honor of practicing law in Oklahoma. We should expect and demand more. This lack of discipline in the face of a public record of probation and alleged violations of the terms of probation should not be so easily brushed aside.

¶5 I dissent.

 

 

State of Oklahoma ex rel. Oklahoma Bar Association, Complainant,
v.
Jack Lee Shears, Respondent.

ORDER OF IMMEDIATE INTERIM SUSPENSION

¶1 The Oklahoma Bar Association (OBA), in compliance with Rules 7.1 and 7.2 of the Rules Governing Disciplinary Proceedings (RGDP), forwarded to this Court certified copies of the following: (1) Information, charging Respondent with count 1 Driving Under the Influence of Alcohol Aggravated in violation of 47 O.S. § 11-90237A O.S. § 6-101Deferment pursuant to plea of nolo contendere to the misdemeanor crime of Driving Under the Influence of Alcohol Aggravated, along with Exhibit A listing the Court Ordered fines, costs and District Attorney Supervision Order; and (3) Application to Accelerate Deferred Judgment in the State of Oklahoma v. Jack Lee Shears, in the District Court of Kay County, CM-2021-27.

¶2 On March 2021, Respondent entered a plea of nolo contendere to Driving a Motor Vehicle Under the Influence of Alcohol Aggravated in violation of 47 O.S. § 11-902Application to accelerate judgment alleging that Respondent violated the terms and conditions of his probation on four separate instances.

¶3 RGDP 7.3 provides: "Upon receipt of the certified copies of Judgment and Sentence on a plea of guilty, order deferring judgment and sentence, indictment or information and the judgment and sentence, the Supreme Court may by order immediately suspend the lawyer from the practice of law until further order of the Court." Having received certified copies of these papers and orders, this Court orders that Jack Lee Shears is immediately suspended from the practice of law. Jack Lee Shears is directed to show cause, if any, no later than July 5, 2022, why this order of interim suspension should be set aside. See RGDP Rule 7.3. The OBA has until July 20, 2022, to respond.

¶4 Rule 7.2 of the RGDP provides that a certified copy of a plea of guilty, an order deferring judgment and sentence, or information and judgment and sentence of conviction "shall constitute the charge and be conclusive evidence of the commission of the crime upon which the judgment and sentence is based and shall suffice as the basis for discipline in accordance with these rules." Pursuant to Rule 7.4, Jack Lee Shears has until August 4, 2022, to show cause in writing why a final order of discipline should not be made. The written return of the lawyer shall be verified and expressly state whether a hearing is desired. The lawyer may in the interest of explaining his conduct or by way of mitigating the dicipline to be imposed upon him, submit a brief and/or any evidence tending to mitigate the severity of discipline. The OBA has until August 19, 2022, to respond.

¶5 DONE BY ORDER OF THE SUPREME COURT in conference on June 20, 2022.

/S/CHIEF JUSTICE

Darby, C.J., Kane, V.C.J., Kauger, Winchester, Edmondson, Combs and Kuehn, JJ., concur;

Gurich and Rowe, JJ., dissent.